# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH A. WILLIAMS,** | : | **CIVIL ACTION NO. 1:07-CV-1382** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JOSEPH SMITH, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 21st day of April, 2008, upon consideration of plaintiff's motion for reconsideration (Doc. 41) of the order of court (Doc. 34) denying his motion for default judgment, and it appearing that he fails to set forth any of the grounds that would warrant reconsideration, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted) ("A proper motion to alter or amend judgment must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'"), and merely reargues matters addressed by the court and disposed of in the previous order, see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), *aff'd*, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and

arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that plaintiff's motion for reconsideration (Doc. 41) is DENIED.[1]

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Plaintiff takes the position that defendants' counsel's motion for an enlargement of time to answer the complaint was untimely and therefore defendants are in default. He is mistaken. The waivers of service of summons, which were sent on October 10, 2007, indicated that a judgment may be entered if an answer or motion under Rule 12 was not filed within sixty days. (Doc. 29.) However, as pointed out by defendants, pursuant to Federal Rule of Civil Procedure 12(a)(3), the time to serve a responsive pleading when United States officers or employees are sued in their individual capacity, as is the case here, is within 60 days after service on the officer or employee or service on the United States attorney, whichever is later. The United States Attorney's Office was personally served on October 25, 2007. (Doc. 24, p. 2.) Consequently, the motion for enlargement, which was filed on December 21, 2007, was timely.

    Plaintiff also argues that the motion was filed at 5:05 p.m., after the close of business. However, as noted by defendants, electronic filing must be completed by midnight Eastern time in order to be considered timely filed that day, not 5:00 p.m. http://www.pamd.uscourts.gov/ecf.htm. The motion was timely filed on December 21, 2007.

    Significantly, even if the court were to conclude that defendants failed to timely respond to the complaint, such failure minimally delayed the progression of the litigation Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-57 (3d Cir. 1982), and there is nothing in the record that would indicate that such failure went beyond mere negligence, rising to the level of "flagrant bad faith" or "contumacious behavior" See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 75 (3d Cir. 1987); Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984). Further, based upon a review of the pending motion to dismiss and for summary judgment, there is no question that there are valid defenses to the case, Hritz v. Woma, 732 F.2d 1178, 1181 (3d Cir. 1984). Lastly, the Third Circuit has "repeatedly stated [their] preference that cases be disposed of on the merits whenever practicable." Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 251 (3d Cir. 1989)(citations omitted).